James F. McMANUS, Petitioner,

v.

CIVIL AERONAUTICS BOARD, Respondent.

No. 79, Docket 26934.

United States Court of Appeals Second Circuit.

Argued Nov. 5, 1962.

Decided Nov. 16, 1962.

James F. McManus, Levittown, N. Y., petitioner, pro se.

Arthur R. Schor, Attorney, Civil Aeronautics Board, Washington, D. C. (Lee Loevinger, Asst. Atty. Gen., Lionel Kestenbaum, Attorney, Department of Justice, Washington, D. C., John H. Wanner, General Counsel, Joseph B. Goldman, Deputy General Counsel, O. D. Ozment, Associate General Counsel, Litigation and Legislation, and Herbert H. Glick, Attorney, Civil Aeronautics Board, Washington, D. C., on the brief), for respondent.

Before MEDINA, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

 This Court has already sustained the orders of the Civil Aeronautics Board relative to agreements relating to travel agencies filed with the Board by the domestic carriers (the Air Traffic Conference of America—ATC). McManus v. C. A. B., 2 Cir., 1961, 286 F.2d 414. This decision by us has disposed of the only substantial questions now raised by petitioner relative to the powers of the Board under Sections 412 and 414 of the Federal Aviation Act of 1958 (72 Stat. 770; 49 U.S.C. §§ 1382, 1384), and the constitutionality of those Sections. The reasons stated by us in disposing of the petition affecting the domestic carriers are decisive of the points now raised by petitioner with reference to orders of the Board affecting international carriers (the International Air Transport Association—IATA). In approving the agreements affecting travel agencies engaged or to be engaged in business with international carriers the Board properly exercised powers conferred by Sections 412 and 414. We re-affirm our prior holding that these Sections do not violate any provision of the Constitution.

There is no occasion for us to make any decision relative to our powers to review alleged procedural defects as the record discloses no such alleged defects. Petitioner not only had ample opportunity to present his views to the Board, but he did so repeatedly, both orally and in writing, and on several occasions the Board found petitioner's arguments persuasive and granted some of the relief he requested.

 Each of the interim orders set forth the basic determination under Section 412 that the rules and regulations therein approved were not "adverse to the public interest." As a general rule "subordinate questions of procedure in ascertaining the public interest" are subject to administrative discretion (F. C. C. v. Pottsville Broadcasting Co., 1940, 309 U.S. 134, 138, 60 S.Ct. 437, 439, 84 L.Ed. 656), and only a showing of "arbitrary exercise of discretion" warrants judicial interference. United States Lines Co. v. C. A. B., 2 Cir., 1948, 165 F.2d 849, 852. It has been held specifically that even without explicit statutory authority, an administrative body having jurisdiction of the subject and having reached a stage in its hearing when it can determine that particular action should be taken, may order such action, even though its hearing is not completed. Natural Gas Pipeline Co. v. F. P. C., 7 Cir., 1941, 120 F.2d 625, 632–633, reversed on other grounds, 1942, 315 U.S. 575, 62 S.Ct. 736, 86 L.Ed. 1037. "A hearing may be a full one, although the evidence introduced does not enable the tribunal to dispose of the issues completely or permanently; and although the tribunal is convinced, when entering the order thereon, that, upon further investigation, some changes in it will have to be made." The New England Divisions Case (Akron, C. & Y. R. Co. v. United States), 1923, 261 U.S. 184, 201, 43 S.Ct. 270, 277, 67 L.Ed. 605.

Petition dismissed.