**AVIATION CONSUMER ACTION PROJ-ECT et al., Plaintiffs,**

v.

**CIVIL AERONAUTICS BOARD, Defendant.**

**Civ. A. No. 2188–71.**

United States District Court, District of Columbia.

July 12, 1972.

William M. Reisman, New Haven, Conn., Neil G. McBride, Robert G. Vaughn, Washington, D. C., for plaintiffs.

Harold H. Titus, Jr., U. S. Atty., Joseph M. Hannon, Asst. U. S. Atty., How-ard E. Shapiro, Robert B. Nicholson, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN H. PRATT, District Judge.

This matter comes before the Court on plaintiffs' complaint for declaratory judgment and injunctive relief and their request for the convening of a three-judge court to consider their complaint. Defendants have moved for judgment on the pleadings.

### Standing

Plaintiffs consist of (1) the Aviation Consumer Action Project (ACAP), "a non-profit public interest corporation . . . engaged in advocating, promoting and protecting the interests of aviation consumers and the general public before governmental agencies and other decision-making bodies in commercial aviation;" (2) Dr. K. G. J. Pillai, "a consumer of airline services in foreign aviation;" and (3) Ruben B. Robertson, III, "a consumer of airline services in foreign aviation and a public interest lawyer with an interest in the integrity of application of the law." Amended Complaint, ¶¶ 3–6. Although the Court has some doubt about the standing of the ACAP under the most recent Supreme Court opinion on the subject, Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), it is clear that the other plaintiffs may properly maintain this action.

### Jurisdiction

Besides asserting jurisdiction under 28 U.S.C. §§ 1331 and 1337, plaintiffs cite the Administrative Procedure Act, 5 U.S.C. § 702, the Federal Aviation Act, 49 U.S.C. § 1506, the Freedom of Information Act, 5 U.S.C. § 552, and the Fifth Amendment of the United States Constitution in their jurisdictional claim.

*Exhaustion of Administrative Remedies*

■ Plaintiffs contend that they are attacking "the constitutionality and statutory validity of a structured sector of long standing activity of the C.A.B." and assert that "[b]ecause it is not an ordinary administrative case, this District Court has original jurisdiction, it should convene a three judge court and there is no need to exhaust such administrative remedies as may be, in theory, allegedly available in the C.A.B." Plaintiffs' Brief of Points and Authorities in Opposition to Defendant's Motion for Judgment on the Pleadings and for Dismissal of Plaintiffs' Request for Convening a Three Judge District Court at page 1.

Despite this novel assertion, it is clear that, in reality, plaintiffs are challenging defendant's 1946 and 1955 approval of the International Air Traffic Association's machinery for collective rate making. It is equally clear that administrative remedies covering such a challenge are available to the plaintiffs under 49 U.S.C. § 1482(a) and 14 C.F.R. §§ 302.-200–302.217. Since plaintiffs have failed to exhaust—or even pursue—these administrative remedies and have not shown that seeking such relief would be an exercise in futility, judicial intervention is, in our opinion, inappropriate. Plaintiffs should follow the normal channels, seeking initial relief within the C.A.B. If they are not satisfied with the results they may obtain judicial review in the United States Courts of Appeals which have exclusive jurisdiction over orders of the C.A.B. 49 U.S.C. § 1486.

*Freedom of Information Act*

■ Although plaintiffs claim that the Freedom of Information Act, 5 U.S.C. § 552, confers jurisdiction on this Court, that Act requires that plaintiffs make specific requests in accord with published agency procedures. See 5 U.S.C. § 552(a)(3) and C.A.B. procedures outlined in 14 C.F.R. §§ 310.6–310.9, as amended, 36 Fed.Reg. 22672 (Nov. 27, 1971). Since plaintiffs have failed to follow and/or exhaust such procedures, and the facts and circumstances of this particular case appear to warrant such exhaustion, we believe that judicial intervention at this time would be premature.

*Constitutional Issues*

■ We now turn to plantiffs' claims that 49 U.S.C. § 1382(b) and 49 U.S.C. § 1384 should be declared unconstitutional "as authorizing the imposition of restrictions on the freedom of travel without due process; and/or that 49 U.S.C. § 1382(b) and 49 U.S.C. § 1482(f) be declared unconstitutional as authorizing government approval of the imposition of unconstitutionally discriminatory classifications upon the public." Amended Complaint, Prayer for Relief, ¶ 2.

We note at the outset that sections 1382 and 1384 have withstood previous constitutional attacks. See McManus v. C.A.B., 310 F.2d 762 (2d Cir. 1962); McManus v. C.A.B., 286 F.2d 414, cert. denied, 366 U.S. 928, 81 S.Ct. 1649, 6 L. Ed.2d 388, rehearing denied, 366 U.S. 978, 81 S.Ct. 1918, 6 L.Ed.2d 1268 (1961). After considering the plaintiffs' claims and the statutes in question, it is the opinion of this Court that the present attack on these sections and section 1482 does not raise substantial constitutional questions.

*Conclusion*

Having determined that judicial intervention in this matter is inappropriate due to (1) plaintiffs' failure to pursue and exhaust their administrative remedies to challenge the C.A.B. action, and (2) plaintiffs' failure to follow and/or exhaust C.A.B. procedures to obtain the documents they have sought, and having further determined that the constitutional issues raised are insubstantial, the Court must dismiss the complaint and deny the motion to convene a three-judge court. See Brotherhood of Locomotive Firemen & Enginemen v. Certain Carriers, 118 U.S.App.D.C. 100, 331 F. 2d 1020 (1964); Lion Mf'g Corp. v.

Kennedy, 117 U.S.App.D.C. 307, 330 F. 2d 833 (1964).

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law and an appropriate order is entered herewith.